IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RUSSELL G. HARDY                                              PLAINTIFF

   v.                        Case No. 08-6025

TOWN OF PERLA WATER ASSOCIATION and
MAYOR RAYMOND ADAMS                                          DEFENDANTS

**MEMORANDUM OPINION**

    Plaintiff, Russell G. Hardy, brings this action against his former employer, the Town of Perla Water Association (hereinafter referred to as "Perla Water Association"), and Mayor Raymond Adams in his official capacity[1] for alleged racial discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and for violating other rights allegedly guaranteed by the Arkansas Constitution including those prohibiting discrimination, retaliation, and wrongful termination.

    Currently before the Court are Defendants' Motion for Summary Judgment and accompanying documents (Docs. 21-23, 32-33) and Plaintiff's Response and accompanying documents (Docs. 27-29). The issue to be determined is whether the Perla Water Association is an "employer" as defined by Title VII, and for the reasons reflected herein, we conclude that the Perla Water

---

[1] "…[S]upervisors may not be held individually liable under Title VII." *Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997); *Spencer v. Ripley County State bank*, 123 F.3d 690, 691-92 (8th Cir. 1997).

Association is not.  Defendants' Motion for Summary Judgment is therefore **GRANTED,** and Plaintiff's Title VII claims of alleged racial discrimination, hostile work environment, and retaliation are **DISMISSED WITH PREJUDICE.**  Because this Court's jurisdiction is based on a federal question, we decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  These are dismissed without prejudice as to his right to pursue them in state court.

## I.   Factual Background

In determining whether summary judgment is appropriate, a court must view the facts and inferences in the light most favorable to the non-moving party. *See Rabushka v. Crane Co.*, 122 F.3d 559, 562 (8th Cir. 1997). The following facts are undisputed.

Russell G. Hardy worked twenty-two years for the Perla Water Association.  He became the general manager in 1990, and his employment terminated on April 9, 2007.

Raymond Adams became the Mayor of the Town of Perla (hereinafter referred to as "Perla"), and thus, the supervisor of the Perla Water Association on January 1, 2007.  As Mayor, Raymond Adams approved all invoices, signed all checks, and was responsible for the hiring and firing of employees.

The Perla Water Association supplies water to people residing in Perla and to some individuals who reside outside of

Perla. The Perla Water Association employed six (6) persons and five (5) of those employees, including the Plaintiff, resigned their jobs on April 9, 2007.

Perla has one (1) policeman, one (1) janitor, three (3) office administrators, six (6) City Council Special Members including the mayor, and over ten (10) volunteer fire fighters.

## II.  Standard of Review

Summary Judgment is appropriate when, considered in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 599-601 (1986). In discrimination cases, summary judgment should be granted when only one conclusion is clear because such cases often depend on inferences rather than on direct evidence. *Crawford v. Runyon*, 37 F.3d 1338, 1341 (8th Cir. 1994); *Johnson v. Minnesota Historical Soc'y*, 931 F.2d 1239, 1244 (8th Cir. 1991). Summary judgment is particularly appropriate, however, where the unresolved issues are primarily legal, rather than factual. *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995).

**III. Discussion**

Whether the Perla Water Association meets the fifteen-employee requirement of an "employer" for the purposes of Title VII is primarily a legal issue. This Court must address whether, based upon the undisputed facts, the consolidation of Perla with the Perla Water Association is appropriate in meeting the fifteen (15) employee requirement of Title VII analysis.

**A.   "Employer" requirements of Title VII.**

The United States Supreme Court has held that the threshold number of employees for application of Title VII of the Civil Rights Act of 1964 is "an element of plaintiff's claim for relief" and is not a jurisdictional issue. *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 516 (2006). As such, a plaintiff must establish that the defendant qualifies as an "employer" for purposes of Title VII. *Oaks v. City of Fairhope, Alabama*, 515 F. Supp. 1004, 1035 (S.D. Ala. 1981). To be an "employer" under 42 U.S.C. § 2000e(b), a defendant must employ fifteen or more employees. And if a defendant employs less than the required number of employees, no action can be maintained.

It is undisputed that the Perla Water Association employs only six (6) persons. Thus, for purposes of Title VII, the Perla Water Association could be considered an employer only if the persons employed by the Perla Water Association and those employed by Perla were combined.

**B.   Consolidation of entities under Title VII.**

Generally, a court is limited to the scope of the complaint filed with the EEOC. *E.E.O.C. v. Arabian American Oil Co.*, 499 U.S. 244, 257 (1991) (citing *General Electric Co. v. Gilbert*, 429 U.S. 125, 140-46 (1976)).  The Perla Water Association and Mayor Adams are the only entities or individuals that are named in the EEOC complaint.  As a result, it is unclear that Perla should be part of the Court's analysis.  Since all reasonable inferences should be given to the Plaintiff as the non-moving party, and this is not a jurisdictional issue, *Arbaugh*, 546 U.S. at 516, this Court will conduct an analysis to determine if Perla should be consolidated with the Perla Water Association for the purpose of calculating the number of employees.

The Court has not found any case law which proffers a test for the consolidation of a public entity (such as Perla) with a quasi-private entity (such as the Perla Water Association). Traditionally, to determine whether two *private* entities should be consolidated, the Eighth Circuit has used the four National Labor Relations Board (NLRB) factors: (1) interrelation of operation, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control. *Baker v. Stuart Broad. Co. et al.*, 560 F.2d 389, 392 (8th Cir. 1977); *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1184 (8th Cir. 1998); *Backus v. Mena Newspapers,*

*Inc.*, 224 F. Supp. 2d 1228, 1232-33 (W.D. Ark. 2002). These factors were designed for use when consolidating private, not public, entities. *Lyes v. City of Riviera Beach, Florida*, 166 F.3d 1332, 1342 (11th Cir. 1999). As such, they are not well-suited for this case because the Court addresses the possibility of consolidating a local governmental body and a quasi-private entity. *Id.* Although the Court will not use the NLRB factors in this analysis, the core inquiry of the NLRB factors provides guidance for the current controversy.

The thrust of the NLRB factors, and of factors used by other courts, seeks to determine "who (or which entity) is in control of the fundamental aspects of the employment relationship...." *Lyes*, 166 F.3d at 1345. This fundamental inquiry is the same that exists when considering the consolidation of public entities. In cases like the one at bar, two entities should be consolidated when control over employment relationships is jointly exercised, as evidenced by "indicia of control." *Oaks*, 515 F. Supp. at 1035. "Indicia of control" is defined as "the authority to hire, transfer, promote, discipline or discharge; the authority to establish work schedules or direct work assignments; the obligation to pay or the duty to train...." *Id*.

In this case, the Mayor of Perla is the head of the town and of the Perla Water Association. The Mayor exercises

authority to hire, promote, discipline, discharge, establish work schedules and direct work assignments, and pay employees. These are "indicia of control," which evidence a joint exercise of control between Perla and the Perla Water Association. Considering the facts in the light most favorable to the non-moving party and the liberal construction accorded to Title VII by Congress for the purpose of eliminating "the inconvenience, unfairness and humiliation of racial discrimination," *Baker*, 560 F.2d at 391, this Court concludes that employees from Perla and the Perla Water Association should be consolidated for purposes of calculating the number of employees employed by the Perla Water Association.  However, even adding these employees does not give the Defendant the requisite number of employees needed (fifteen) to be considered an "employer" under Title VII.

**C.   "Employees" under Title VII.**

The term "employee" is defined under 42 U.S.C. § 2000e(f) as an individual employed by an employer, exclusive of any person who is "elected to public office in any State or political subdivision of any State...." 42 U.S.C. § 2000e(f). This language was intended to exempt certain persons from the definition of "employee:" (1) elected officials; (2) members of the personal staff of elected officials; (3) persons appointed by elected officials to be on the policymaking level; and (4) the "immediate advisers of such elected officials with respect

to the exercise of the Constitutional or legal powers" of the officials' offices. *Howard v. Ward County,* 418 F. Supp. 494, 501-502 (D.N.D. 1976); *Gregory v. Ashcroft*, 501 U.S. 452, 482 (1991); *see also Arabian,* 499 U.S. at 254-55.

Additionally, for purposes of Title VII, volunteers should not be counted as employees. *Jacob-Mua v. Veneman*, 289 F.3d 517, 520-21 (8th Cir. 2002) (holding that a volunteer researcher of the government was not an "employee" for purposes of Title VII). Uncompensated volunteer firefighters, in particular, fail to count as employees for purposes of Title VII. *Scott v. City of Minco*, 393 F. Supp. 2d 1180, 1190-91 (W.D. Okla. 2005); *Vickery v. Minooka Volunteer Fire Dept.*, 990 F. Supp. 995, 998-99 (N.D. Ill. 1997) (holding that no employment relationship exists when there is no payroll for volunteer firefighters); *Keller v. Niskayna Consol. Fire Dist. 1*, 51 F. Supp. 2d 223, 232 (N.D.N.Y. 1999) (holding that volunteer firefighters are considered employees only when they depend upon the significant financial value given them from being a volunteer).

Plaintiff argues that, once Perla and the Perla Water Association are consolidated, there are more than fifteen employees for purposes of Title VII. Plaintiff's count totals twenty-seven (27); including one (1) policeman, six (6) Perla Water Association employees, one (1) janitor, three (3) persons

in office administration, six (6) City Council Special Members including the mayor, and over ten (10) volunteer fire fighters.

To obtain the correct count of the number of employees employed by the consolidated entities of the Perla Water Association and Perla, we must exclude some of those from the Plaintiff's count. The six (6) City Council Special Members, including the mayor, should be excluded from the calculation because they are elected officials, and are persons with policymaking authority. Additionally, the ten (10) volunteer fire fighters should be excluded from the calculation of the number of employees because it has not been shown that they are compensated for their efforts in any way that would enable them to be considered as "employees."

Thus, the calculation for the number of employees is: one (1) policeman, six (6) Perla Water Association employees, one (1) janitor, and three (3) persons in office administration – for a total of eleven (11). Even following consolidation with Perla, the Perla Water Association cannot be considered an "employer" for purposes of Title VII of the Civil Rights Act of 1964 because it fails to meet the fifteen-employee requirement of 42 U.S.C. § 2000e(b).

## IV.  Conclusion

Based on the above, this Court finds that there is no genuine issue of material fact regarding whether the Perla Water

Association is an "employer" for the purposes of Title VII.  The Perla Water Association is not an "employer" under Title VII because it does not meet the requirement of fifteen employees, a necessary element of Plaintiff's claim for relief.

Accordingly, this Court finds Defendants' Motion for Summary Judgment (Doc. 21) should be and hereby is **GRANTED** and Plaintiff's Title VII claims of alleged racial discrimination, hostile work environment, and retaliation are **DISMISSED WITH PREJUDICE** with each party to bear its own costs.  The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  These are dismissed without prejudice as to his right to pursue them in state court.

IT IS SO ORDERED on this 22nd day of July, 2009.

*/s/  Robert T. Dawson*
Honorable Robert T. Dawson
United States District Judge